UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                         06-CR-284S

LUIS PABON,

        Defendant.
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny in accordance with 28 U.S.C. § 636(b)(1) for all pretrial matters and hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant Luis Pabon ("the defendant") is charged in a Superseding Indictment with having violated Title 21 U.S.C. § 846 (Count I). (Docket #128). There are nine other co-defendants similarly charged, some of whom are also charged with having violated Title 21 U.S.C. §§ 841(A)(1) and 841(b)(1)(B) and Title 18 U.S.C. § 2. (Docket # 128).

The defendant has filed an omnibus motion wherein he seeks: (1) a bill of particulars; (2) discovery pursuant to Rule 16 of the Fed.R.Crim.P.; (3) "discovery with respect to F.R.E. 403, 404(b) and 609;" (4) discovery with respect to F.R.E. 702 and

705;" (5) disclosure of *Brady, Giglio* and *Jencks* Material; (6) disclosure of the identity of informants; (7) "joinder in motions of co-defendants," and (8) leave to file additional motions. (Docket #135).

The defendant has also filed a motion to suppress evidence seized pursuant to a search warrant issued by this Court. This motion will be addressed in a separate Report, Recommendation and Order issued by this Court.

The Government has filed a Response in Opposition to the defendant's motion as well as a "Request for Reciprocal Discovery" pursuant to Rule 16(b) of the Fed.R.CrimP. (Docket #152).

**1.    Defendant's Request for a Bill of Particulars**.

The defendant seeks a detailed bill of particulars describing the times, places and events as well as all of the alleged participants of the conspiracy alleged in Count 1 of the Superseding Indictment (Docket # 128).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 of the Superseding Indictment, along with the

discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, _ F.3d _ (2d Cir. 2007).

    **2..    Defendant's Request for "Discovery Under Rules 16 and 12 of the Fed.R.Crim.P."**

The Government represents that it "has fulfilled its obligation of Rule 16 of the [Fed.R.Crim.P] regarding discoverable material and that it recognizes its "continuing obligation to comply as any new information or material becomes available" and that it

"will forward to the defense the identity of expert witnesses sought under Rule 16 as they become available." (Docket # 152, pp. 2-3). The Government further represents that it "intends to use all of the evidence disclosed during the voluntary discovery which falls within the scope of Rule 12(b)(4) [of the Fed.R.Crim.P.]." (Docket # 152, p. 4).

Based on the aforesaid representation of the Government, the defendant's request is DENIED on the basis that it is moot.

**3.    Defendant's Request for Pretrial Disclosure under Rule 403, 404(b) and 609.**

The defendant seeks disclosure by the Government of the evidence that it intends to use at trial pursuant to Rule 404(b) of the F.R.E. and the Government has stated that "if such information becomes available to the government," it intends "to offer such proof at trial" and that it "will provide this information to the defense pursuant to the District Court's trial scheduling order." (Docket # 152, pp. 2-8).

Rule 404(b) of the F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." This has been done, and as a result, defendant's request is DENIED as being moot.

The issue of admissibility of such evidence as raised in the defendant's

request is best left to the determination of the trial judge at the time of trial.

As to the defendant's request for Rule 609, F.R.E., information, the Government advises that it "intends to impeach the defendant with [his] criminal history and any probation or parole history should he elect to testify at trial. Therefore, this request is also DENIED on the basis that it is moot.

**4.     Defendant's Request for "Discovery with Respect to F.R.E. 702, 703 and 705."**

The defendant "requests the government provide [him] with a list of the government's expert witnesses, if any, and the substance of any reports from these witnesses that may be in their [*sic*] possession, as well as written summaries of their anticipated testimony."  (Docket # 135, p. 11).

Since the government has stated that it "will forward to the defense the identity of expert witnesses sought under Rule 16 as they become available" (Docket #152, pp. 2-3) which would include the production of summaries of expert testimony pursuant to Rule 16(a)(1)(G), the defendant's request is DENIED on the basis that it is moot.

**5.     Defendant's Request for *Brady*, *Giglio* and *Jencks* Material.**

The defendant has made a broad request for any and all materials and/or

information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases. (Docket #152, p. 9). The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id*. at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior

to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 6. Defendant's Request for Disclosure of the Identity of Informants.

The defendant requests that the government be directed to identify all informants on whom the government has relied or will rely in any way in its investigation and/or prosecution of this case and disclosure of information received from informants. However, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the

> individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* See *Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); see *United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. See *United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

8

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED. The defendant's additional request for an *in camera* review of informant information is also DENIED.

### 7.    Defendant's Joinder in Motions Filed by His Co-Defendants.

The defendant states that he wishes to join in the motions filed by any of his co-defendants and seeks to obtain any benefits that may be applicable to him as a result of said motions. This request is GRANTED with the further directive and finding that the decisions made by this Court as to each of the co-defendants' motions joined in by the defendant shall also be deemed to be a finding and ORDER of this Court as to the defendant herein.

### 8.    Defendant's Request for Leave to File Additional Motions.

Defendant seeks permission to file additional motions "as the factors and evidence emerge through requested disclosures." (Docket #135, p. 25). This request is GRANTED subject to the limitations as contained in the aforesaid quote.

**(1)    The Government's Reciprocal Rule 16(b) Fed.R.Crim.P. Request:**

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including

9

reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.


Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:


This Decision and Order be filed with the Clerk of the Court.


**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.


The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).


The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


/s/ *H. Kenneth Schroeder, Jr.*

_____
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

DATED:    Buffalo, New York
          May 8, 2008